LoRiNG, J.,
dissenting:
I think the material facts in this case are that the powder, which is the ground of claim in the case, was destroyed by Captain Hollins to prevent the destruction or injury of certain buildings containing machine-shops, workshops, and lodging-rooms, and belonging to the Transit Company, and held by them, not at Greytown, but on the opposite shore at Punta Arenas, in Costa Rica, under an act of incorporation from the government of that country; and that citizens of the United States were members of the Transit Company and of the corporation above referred to, and as such interested in the property specified; and the question is, whether the destruction of the gunpowder was “a taking of private property for public use.” I think it was not, because I think the protection of the property, for the *425 security of which the powder was destroyed, was not, under the rule of the law of nations, the legal duty or obligation of the United States. Under the law of nations, as held in Europe and in this country, governments have such extra territorial jurisdiction as may protect their citizens in other countries not civilized and not recognizing the same jus gentium; but I think this rule has never been, and cannot be, extended to such interests in property as our citizens may have as members of a corporation created by and existing under the laws of a foreign country, holding all its property and powers under that, and as a legal entity or power belonging to it exclusively.
Then the remaining question is, whether the United States became legally liable for the value of the powder by the adoption or approval of the act of Captain Hollins by the Executive. I think they did not. The Executive cannot extend a rule of law or liability under it, or legalize a departure from it. And there is a difference between this government and monarchical governments in Europe and England, which, I think, makes their precedents inapplicable here. There the King is sovereign, and may do all he is not restrained from doing by the organic law; here the Executive is not sovereign, and can do only that which it is authorized to do; and I know of no authority, express or implied, by which the Executive can extend the legal liability of the United States for property in a foreign country beyond that imposed on it by the law of nations. I think that to do this would require an act of Congress, and that the remedy of the petitioner is in Congress, and not here where we administer only the legal obligations of the United States.